UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MICHEAL B. JOHNSON**<br>    **Plaintiff** | : CIVIL ACTION NO. |
| v. | : |
| **FRANK'S AUTO CREDIT, INC.,**<br>    **Defendants** | : |
| | : MAY 31, 2018 |

## COMPLAINT

### I.    INTRODUCTION

1.    This is an action brought by a consumer against an automobile dealership for violations of the Truth in Lending Act, 15 U.S.C. § 1640 *et seq.* ("TILA"), the Connecticut Retail Installment Sales Financing Act, Conn. Gen. Stat. § 36a-773 *et seq.* ("RISFA"), and Article 9 of the Uniform Commercial Code, Conn. Gen. Stat. §42a-9-101 *et seq.* ("UCC"), in connection with the purchase and financing of a motor vehicle.

### II.   PARTIES

2.    Micheal B. Johnson ("Plaintiff") is a consumer and natural person residing in Manchester, Connecticut.

3.    Frank's Auto Credit, Inc. ("Frank's") is a Connecticut corporation located in Manchester, Connecticut.

### III.  JURISDICTION AND VENUE

4.    Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1640(e). Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

1

5.    This court has jurisdiction over Frank's because it is a Connecticut corporation and regularly conducts business in this state.

6.    Venue is proper in this district, because the subject transaction occurred in this district.

### IV.    FACTUAL ALLEGATIONS

7.    On or about December 16, 2017, Plaintiff visited Frank's, interested in purchasing a vehicle.

8.    Plaintiff selected a 2012 Nissan Sentra (the "Vehicle") and agreed to purchase the Vehicle for $13,436.

9.    Plaintiff paid a down payment of $600.

10.   Plaintiff financed the remaining balance pursuant to a Retail Installment Sales Contract (the "Contract").

11.   Frank's holds itself out as a "buy here, pay here" dealership, which means that it did not assign the Contract to a third-party finance company and payments were made directly to the dealership.

12.   The Contract states that Plaintiff is required to make 181 payments of $100 and one final payment of $46.36, which totals $18,146.

13.   The schedule of payments on the Contract state that the payments total $18,046, not $18,146.

14.   Therefore, the Contract either was intended to state 180 scheduled payments (179 payments of $100 and one final payment of $46.36), in which case the number and amount of payments was not accurately disclosed, or the disclosure of 181

2

scheduled payments was accurate, in which case the disclosures of the finance charge and annual percentage rate and the APR were not accurate.

15. In either scenario, the disclosures required under 15 U.S.C. § 1638 were not accurate.

16. Shortly after taking delivery, Plaintiff began experiencing significant mechanical problems with the Vehicle.

17. On February 9, 2013, Plaintiff brought the Vehicle back to Frank's and asked to return it.

18. Frank's agreed to take the Vehicle back, but refused to refund the amounts Plaintiff made on the Vehicle.

19. Frank's did retake possession of the Vehicle and was therefore restored to his position prior to the making of the Contract as nearly as possible.

20. On February 13, 2018, Plaintiff made written demand upon Frank's, notifying it that he had elected to rescind the purchase due to violations of RISFA, and he demanded return of the amounts paid for the Vehicle.

21. Frank's has refused to refund any of the amounts paid by Plaintiff.

22. Frank's disposed of the Vehicle on or about April 13, 2018.

23. Frank's failed to give proper notice regarding the disposition of the Vehicle and failed to provide an itemization of the proceeds of the sale to Plaintiff.

## V.     CAUSES OF ACTION

### COUNT ONE – Truth in Lending Act

24.   Frank's violated TILA, 15 U.S.C. § 1638 by failing to accurately disclose the number and amount of payments or, in the alternative, by failing to accurately disclose the annual percentage rate and finance charge.

25.   Frank's is liable to Plaintiff for statutory damages of double the finance charge of $4,609.61, up to $2,000, plus reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1640.

### COUNT TWO – Retail Installment Sales Financing Act

26.   Through its violations of TILA, as described above, Frank's violated RISFA, which incorporates the requirements of TILA by operation of Conn. Gen. Stat. § 36a-771(b).

27.   The Vehicle was returned to Frank's, and it has been restored to its pre-contractual position.

28.   Plaintiff is entitled to a rescission of the Contract due to its violations of RISFA, a return of the down payment of $600 and all other payments made under the contract, which are approximately $800.

### COUNT THREE – Retail Installment Sales Financing Act

29.   Frank's failed to provide Plaintiff with the notices required by RISFA regarding the disposition of the Vehicle.

30.   Frank's is liable to Plaintiff for his actual damages or 25% of the amount that he paid thereunder pursuant to Conn. Gen. Stat. § 36-785(i).

**COUNT FOUR – UCC Article 9 Violation**

31. Frank's disposed of the Vehicle and failed to provide Plaintiff with written notice of the date and time of the public disposition of his Vehicle or, if the disposition was by private sale, with notice that disposition would be by private sale and the date after which a private disposition would take place, as required by Conn. Gen. Stat. § 42a-9-613 and § 42a-9-614.

32. Plaintiff is entitled to the greater of his actual damages or an amount equal to the finance charge plus ten percent of the principal amount financed as shown on the Contract pursuant to Conn. Gen. Stat. § 42a-9-625(c)(2). That amount is $5,953.19.

WHEREFORE, Plaintiff seeks the following the following relief:

- Actual damages;
- Statutory damages of $2,000 pursuant to TILA;
- Statutory damages pursuant to RISFA and the UCC;
- Attorney's fees and costs;
- An order rescinding the Contract and returning the down payment and all other sums paid under the contract; and
- Any other relief deemed just and equitable by this court.

PLAINTIFF, MICHEAL B. JOHNSON

By: _____
Daniel S. Blinn, ct02188
dblinn@consumerlawgroup.com
Brendan L. Mahoney, ct29839
bmahoney@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT 06067
Tel. (860) 571-0408
Fax. (860) 571-7457